THE NORTHERN CENTRAL RAILWAY COMPANY *vs.* THE CANTON COMPANY OF BALTIMORE, LESSEE.

AMENDMENT OF PLEADINGS: JURISDICTION IN EJECTMENT: ARBITRATION AND AWARD: PRACTICE IN COURT OF APPEALS.—The Declaration in Ejectment described certain lands sued for as "*lying in the city of Baltimore.*" By order of the Superior Court of Baltimore City, where the action was instituted, the cause was referred to an arbitrator, who rendered his award in favor of the plaintiff, for "the lot of ground *in the declaration aforesaid mentioned,* situated and lying *partly in the city of Baltimore and partly in Baltimore County,*" &c., &c., "beginning at the intersection of the South side of Sixth Avenue with the west side of Clinton street, as laid down on the plan of the harbor of Baltimore in connection with the Canton Company's lands, compiled by William Dawson, and published in the year 1853, and running thence," &c. On appeal by the defendant, besides the exceptions taken in the Court below, the appellant contended that there was a want of identity between the land claimed in the nar, and the land in the award; that there was want of certainty in the award; and that the nar was defective in not stating whether the greater portion of the land sued for lay in the city or in the county, or where the defendant resided, so as to show whether the Court had jurisdiction under the provisions of *sec.* 46, *Article* 75 of the *Code,* HELD :

1st. That if in the prosecution of this case *in Court,* the defendant had objected to its jurisdiction that it did not affirmatively appear in the plaintiff's *nar,* that the greater part of the land was within the city of Baltimore, the Court could have allowed an amendment of the pleadings. Failing to avail itself of this defect, it would have been too late after verdict, as every reasonable intendment would be made to support it. And such an intendment will apply with equal or greater force to support an award.

2nd. That there is no want of identity between the land claimed in the nar and that set out in the award.

3rd. That the land is sufficiently described in the award.

APPEAL from the Superior Court of Baltimore City.

This is an action of *ejectment* brought in the Superior Court of Baltimore City for certain land described in the declaration as " a certain lot, piece or parcel of ground situate and lying in the city of Baltimore, which is described as follows, to wit: Beginning at the intersection of the south side of Sixth Avenue with the west side of

Clinton street, and running thence westwardly with the south line of Sixth Avenue about seven hundred and fifty feet to the Port Warden's Line, thence southerly parallel to Clinton street about two hundred feet, thence eastwardly at right angles with said last line and parallel with said Avenue about seven hundred and fifty feet to the west side of Clinton street, thence northerly on the west side of Clinton street, about two hundred feet to the place of beginning with the appurtenances, situate and being in Baltimore city aforesaid." By consent of the parties and under rule of the Court the cause was referred to I. Nevett Steele, Esq., at the same time with the trespass case between the same parties, (Reported *post, p.* 500,) and while pending before him the same proceedings by injunction and motion were taken to prevent an award, with those stated in the trespass case, and with a like result. The award in this case made by the referee is as follows:

" I, I. Nevett Steele, appointed referee in this cause by the Superior Court of Baltimore city, having given due notice to the parties of the times and places of hearing their respective allegations and proofs, and having heard and duly considered the same, do award and determine that the said Northern Central Railway Company is guilty of the trespass and ejectment, in manner and form as the said John Doe, lessee of the said Canton Company of Baltimore, in the declaration in this cause has complained; and that the lot of ground in the declaration aforesaid mentioned, situate and lying partly in the city of Baltimore, and partly in Baltimore county, is contained within the metes and bounds, courses and distances following; that is to say, beginning at the intersection of the south side of Sixth Avenue, with the west side of Clinton street, as laid down on ' the plan of the harbor of Baltimore, in connection with the Canton Company's lands,' compiled

by William Dawson, and published in 1853, and running thence westwardly at right angles with Clinton street, and with and in continuation of the line of the south side of Sixth Avenue, as laid down on said map, to the Port Warden's Line, thence southerly with said Port Warden's line, and parallel to Clinton street two hundred feet, thence eastwardly at right angles with said Port Warden's Line and parallel to the first line of the lot now being described, to the west side of Clinton street, and thence northerly with the west side of Clinton street to the place of beginning; and I do assess the damages of the said John Doe, lessee of the said Canton Company of Baltimore, by reason of the trespass and ejectment aforesaid, to the sum of one cent current money; and I do further award, that judgment be entered up by the said Court for the said John Doe, lessee of the said Canton Company of Baltimore, against the said Northern Central Railway Company, as well for his term aforesaid yet to come and unexpired, of and in the said lot of ground contained within the metes and bounds, courses and distances above set out, as the said sum of one cent for his damages, which he had sustained by reason of the trespass and ejectment aforesaid, together with his costs and charges, by him about his suit in the said Court expended. Witness my hand and seal this 30th day of May, in the year 1863.     "I. NEVETT STEELE, (Seal.)

Referee."

The Court, MARTIN, J., overruled the exceptions taken to this award by the defendant, and rendered its judgment as follows:

"Therefore it is considered by the Court here, that the said plaintiff recover against the said defendant his term aforesaid, yet to come and unexpired, of and to the lands and premises aforesaid mentioned and described in the declaration aforesaid, with the appurtenances, as

well the said sum of one cent, the damages aforesaid, by the arbitrator in form aforesaid awarded, as the sum of six dollars and eighty-eight cents for its costs and charges by it about its suit in this behalf laid out and expended. And the said defendant in mercy," &c.

"*Memorandum :*—July 3rd, 1863, judgment on award for the plaintiff for property and one cent damages and costs."

From this judgment the present appeal is taken by the defendant.

This cause was argued before Bowie, C. J., and Bartol, Goldsborough and Weisel, J.

*J. Mason Campbell* and *R. B. T. Campbell,* for the appellant.

The award and judgment rendered thereon are erroneous.

1. Because of the want of identity between the land claimed in the declaration, and the land awarded.

2. Because of uncertainty in the award. The "Plan of the Harbor," is not a matter of record. It was not made by public authority ; and there is nothing, therefore, by which a stranger can locate the recovery.

3. Because the judgment is for the land described in the declaration, and not for that mentioned in the award, nor does it in any way refer to the award. *Smith vs. Jenks,* 10 *Serg. & Raw.,* 153.

4. Because if part of the land lies in Baltimore county, the jurisdiction of the Superior Court in respect to that part is special, being conferred by Act of Assembly, to meet the particular case, and not included in its general powers, (Code, vol. 1, Art. 75, sec. 46,) and therefore the facts giving the jurisdiction must appear on the face of the

pleadings. But such is not the case here. The nar describes the land as lying in Baltimore City, and the judgment is for the property described in the nar; but the award describes the property as lying both in the city and county. Now the judgment is founded on, and must be co-extensive with the award, or else it is a nullity, and yet, if it be so treated, it will cover and apply to property outside of the ordinary jurisdiction of the Court, while the pleadings only present a case of ordinary jurisdiction within the limits of the city.

And apart from the objection that the pleadings do not show that the land lay both in the city and county, it is contended further, that under the section of the Code above referred to, the jurisdiction where land lies in two counties is not given indiscriminately to the Court of either county, but to the one in which the defendant resides, and in such case the pleadings must show affirmatively that the suit is brought in the county or city where the defendant resides, which is not done in this case; so that for this reason there is want of jurisdiction in the Court which must be fatal to the judgment. *Patterson vs. Wilson*, 6 *G. & J.*, 505, 506. *Shivers vs. Wilson*, 5 *H. & J.*, 130.

*Geo. W. Brown* and *F. W. Brune* for the appellee.

The appellee contends:

1st. That the land claimed in the declaration, and the land awarded, are the same as shown by the metes and bounds and by the award; which sets forth particularly the metes and bounds of "the lot of ground in the declaration aforesaid mentioned," and by the bill in the trespass case filed by the appellant against the appellee in the Circuit Court for Baltimore City, which is referred to in the exceptions filed by the appellee in this case; the only difference is, that the award describes the ground with a little more particularity and accuracy. This it is proper

that the award should do, and it could correct any error or supply any omission in the declaration. *Ing vs. State*, 8 *Md. Rep.*, 287, *and cases there cited. Cromwell vs. Owings*, 6 *H. & J.*, 12.

2nd. The award is not uncertain, but is certain in every particular. To make it certain, it is not necessary that the plan of the harbor therein referred to should be a matter of record.

3rd. The memorandum of the judgment is "Judgment on award for the plaintiff for property." This is the original entry and the true judgment in the case, and refers exclusively to the property mentioned in the award. But the judgment, when formally extended, (which is the act of the Clerk of the Court,) is, that the plaintiff recover the land and premises aforesaid mentioned and described in the declaration aforesaid. This is equivalent to saying the land and premises aforesaid mentioned in the award and memorandum of judgment, and also described in the declaration. But even if this be not the true construction, and if the extended judgment refers only to the land described in the declaration, inasmuch as the same land is described in both the declaration and the award, the judgment is correctly entered.

4th. In order to sustain an award, the Court will consider any amendment that could be made as having actually been made. If, therefore, it was necessary to allege in the declaration that the lot lay partly in Baltimore city and partly in Baltimore county, the Court will consider that the allegation was made. But the Superior Court is one of general, not special jurisdiction, and therefore the acts establishing its jurisdiction need not be set out. The same considerations apply to the residence of the defendant, which it is not necessary to allege, but only to prove. Besides, the residence of the defendant need not be alleged by the plaintiff; the suit is brought against Richard Roe, who

gives notice to defendant of the suit. *Ing vs. State*, 8 *Md. Rep.*, 287.

5th. The Court of Appeals, on reversing any judgment or part of a judgment at law, has power to give such judgment as ought to have been given by the Court below. Code, 22, Art. 5, sec. 14. If, therefore, there was any error in entering this judgment on the award, it is the right and duty of the Court to correct it. This Court, before the adoption of the Code, would have had a similar error corrected in the Court below by ordering a writ of diminution. *Duvall vs. Wells*, 4 *H. & McH.*, 164. *Fisher vs. State*, 1 *H. & J.*, 416.

GOLDSBOROUGH, J., delivered the opinion of this Court.

The action of ejectment in this case was instituted by the appellee against the appellant, in the Superior Court of Baltimore City, to recover a parcel of land lying partly in Baltimore city and partly in Baltimore county, but alleged in the *nar* to lie in Baltimore city. This suit was pending at the same time, in the same Court, with an action of *trespass q c. f.*, between the same parties. Both suits were referred, under the provisions of the 7th Article of the Code, to I. N. Steele, Esq., as referee.

While the subject of this and the other suit was under the consideration of the referee, and before any award was made, the appellant obtained an injunction out of the Circuit Court for Baltimore City to restrain his proceedings. He, however, proceeded to make and return his award, and judgment being rendered thereon, this appeal was taken. The Canton Company appealed from the order of the Circuit Court granting the injunction, and entered into an appeal bond to prosecute the appeal. This appeal was pending in the Court of Appeals when the referee returned his award and when judgment was rendered thereon.

We have considered the effect of the appeal and the

appeal bond in the action of trespass between the same parties, *post*, 500. The conclusion we arrived at in that case is equally applicable to this. Besides the exceptions in the record, the appellant contends that there is a want of identity between the land claimed in the *nar*, and the land in the award, and also the want of certainty in the award; and that the declaration is defective in not sufficiently defining the land, to show affirmatively that the greater part of it was within the city of Baltimore, thus securing to the Superior Court jurisdiction under the provisions of the 46th section of the 75th Article of the Code.

The jurisdiction conferred by the above article and section is general, extending to all the Common Law Courts of the State, and has for its object the prevention of a multiplicity of suits. If in the prosecution of this case in Court the defendant had objected to its jurisdiction, because it did not affirmatively appear in the plaintiffs' nar, that the greater part of the land was within the city of Baltimore, the Court could have allowed an amendment of the pleading. Failing to avail itself of this defect, it would have been too late after verdict, as every reasonable intendment would be made to support it, and such an intendment will apply with equal or greater force to support an award. *See* 2 *G. & J.*, 68. 10 *G. & J.*, 193.

We cannot sustain the objection made by the appellant that there is a want of identity between the land claimed in the *nar* and that set out in the award, and that the award does not sufficiently describe the land.

Comparing the description in the *nar* with that in the award, we find them identical except the statement of the referee that the land lies partly in the city and partly in the county. In both the *nar* and award the description embraces " calls " so notorious, that no difficulty could possibly arise in locating the claim and pretensions of the plaintiffs.

For these reasons and those assigned in the *trespass* case we shall affirm the judgment.

*Judgment affirmed.*